[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 6, 1997
This is an administrative appeal by the plaintiffs, Michael and Sally Donovan, from a decision of the Putnam Zoning Board of Appeals (Board) upholding the action of the Putnam Zoning Enforcement Officer (ZEO) who refused to issue a certificate of zoning compliance on behalf of the plaintiffs to enable them to secure a liquor permit from the Liquor Control Commission.
The plaintiffs own an eighteen-hole golf course in Putnam known as the Putnam Country Club. They wish to sell and serve CT Page 1847 beer and wine at the snack bar of the golf course. The course lies in an R40, residential zone. Golf courses are a permitted use in an R-40 zone upon issuance of a special use permit from the Putnam Zoning Commission. A special use permit was issued to the plaintiffs for that purpose.
The plaintiffs applied to the Liquor Control Commission (LCC) for a permit to sell beer and wine. The LCC requires that the applicants obtain a certificate of zoning compliance from the local zoning enforcement authority before issuing a liquor permit.
During the summer of 1995, the plaintiffs sought such certification from the ZEO, Robert Chenail. On September 1, 1995, the ZEO refused to certify compliance because he rejected the plaintiffs' position that the sale of beer and wine was a legitimate accessory use incidental to the golf course. On September 18, 1995, the plaintiffs appealed from this action by the ZEO to the Board under G.S. § 8-6. On October 17, 1995, a hearing was held before the Board, and, on October 24, 1995, the Board notified the plaintiffs that their appeal was denied.
On November 8, 1995, the plaintiffs appealed to this court from the adverse decision of the Board under G.S. § 8-8. On January 8, 1997, the court heard the appeal.
 I
The court finds that the plaintiffs are aggrieved by the decision of the Board because they own the property which was the subject of that decision. Bossert Corporation v. Norwalk,157 Conn. 279, 285 (1968).
 II
At the court hearing, the Board raised a new issue concerning the plaintiffs' failure to exhaust administrative remedies. Because neither party had considered this issue previously, the court permitted the parties to submit supplemental briefs.
The failure to exhaust administrative remedies deprives the court of subject matter jurisdiction to review administrative action. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556 (1987). The Board asserts that, before the plaintiffs could request that the ZEO and Board pass upon the validity of CT Page 1848 the sale of beer or wine as an accessory use to a golf course, the plaintiffs were required to obtain a special use permit for accessory uses to primary uses for which a special permit is required from the Zoning Commission. The plaintiffs obtained a special use permit to operate a golf course in an R-40 zone. They never applied for nor received a special use permit to engage in any accessory uses to that operation.
Section 720 of the Putnam zoning regulations contains a schedule of uses in particular zones as well as indication of whether a special use permit is required. That section treats accessory uses for main uses which require no special use permits differently than accessory uses for those main uses which do require special use permits. Under this zoning scheme, accessory uses to main uses which need a special use permit also require a special use permit. No dichotomy of scheduling and treatment under § 720 would be necessary unless a separate ruling by the Zoning Commission that a special permit should issue for a desired accessory use, incidental to a primary use for which a permit is necessary, is also required.
In short, the Putnam Zoning Commission, as opposed to the Zoning Board of Appeals, never had the opportunity to address the issue raised by this appeal. Presumably, had the Zoning Commission issued a special use permit to sell and serve beer and wine, the ZEO and, if necessary, the Board would have acted differently on the plaintiffs' request for certification of zoning compliance. Even if the Zoning Commission declined the special permit that declination would have presented a different backdrop for the ZEO and Board to have responded. Significantly, even if this court sustained this appeal, the plaintiffs would have to return to the Zoning Commission to obtain a special use permit to engage in the accessory use of selling beer and wine at their golf course or else the ZEO and Board could rule unfavorably at any rehearing on that basis alone.
For these reasons, the court concludes that a decision of the Zoning Commission on a special use permit application is essential before the ZEO or, if necessary, the Board or the Court could properly consider whether certification of zoning compliance was mandated. The appeal, therefore, is dismissed for lack of subject matter jurisdiction because of failure to exhaust administrative avenues.
SFERRAZZA, J. CT Page 1849